UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 07-2055 (JDB) |
| U.S. DEPARTMENT OF EDUCATION, | ) ) ) | |
| Defendant. | ) ) | |

**ANSWER**

Defendant the United States Department of Education, by undersigned counsel, hereby answers Plaintiff's Complaint for Declaratory Judgment and Injunctive Relief ("Complaint") as follows:

1. Paragraph 1 contains Plaintiff's characterizations of this lawsuit and not allegations of fact, and thus no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 1 except to admit that Plaintiff raises claims under the Freedom of Information Act ("FOIA") and the Administrative Procedure Act ("APA").

2. Paragraph 2 contains Plaintiff's characterizations of this lawsuit and not allegations of fact, and thus no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 2 except to admit that Plaintiff seeks declaratory and injunctive relief.

3. Paragraph 3 contains Plaintiff's characterizations of this lawsuit and not allegations of fact, and thus no response is required. To the extent a response is required, Defendant denies the

allegations in Paragraph 3 except to admit that Plaintiff seeks injunctive relief.

## JURISDICTION AND VENUE

4. Paragraph 4 contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is required, Defendant denies any characterizations of the cited statutory provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

5. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5.

6. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6.

7. Denied.

8. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8.

9. Defendant admits that the Department of Education is an "agency" within the meaning of 5 U.S.C. § 552(f). The averments in the second sentence of Paragraph 9 are conclusions of law to which no response is required. To the extent a response is required, Defendant states that, because Plaintiff's FOIA request failed to reasonably describe the records sought, Defendant has been unable to process the request and, therefore, lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegation that the Department of Education has possession and control of the requested records. Because Plaintiff's FOIA request failed to reasonably describe the records sought, Defendant denies that it is responsible for fulfilling the request.

**STATUTORY FRAMEWORK**

**The Freedom of Information Act**

10. Paragraph 10 contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is required, Defendant denies any characterizations of the cited statutory provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

11. Paragraph 11 contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is required, Defendant denies any characterizations of the cited statutory provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

12. Paragraph 12 contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is required, Defendant denies any characterizations of the cited statutory provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

13. Paragraph 13 contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is required, Defendant denies any characterizations of the cited statutory provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

14. Paragraph 14 contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is required, Defendant admits that the Department of Education's fee waiver regulations are located at 34 C.F.R. § 5.64. Defendant denies any characterizations of the cited statutory and regulatory provisions, which speak for themselves, and

respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

15. Paragraph 15 contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is required, Defendant denies any characterizations of the cited statutory provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

16. Paragraph 16 contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is required, Defendant denies any characterizations of the cited statutory provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

### FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

17. Defendant admits that Plaintiff submitted a FOIA request to the Department of Education dated May 11, 2007. Defendant respectfully refers the Court to the copy of the request attached as Exhibit 1 to the Complaint for a complete and accurate statement of its contents.

18. Defendant admits that the Department of Education sent Plaintiff a letter dated June 20, 2007, that assigned Request No. 07-00655-F to Plaintiff's May 11 FOIA request, stated that the Department of Education was unable to process the request, and denied Plaintiff's request for a fee waiver. Defendant respectfully refers the Court to the copy of the letter attached as Exhibit 2 to the Complaint for a complete and accurate statement of its contents.

19. Defendant admits that Plaintiff submitted a letter to the Department of Education dated July 11, 2007. Defendant respectfully refers the Court to the copy of the letter attached as Exhibit 3 to the Complaint for a complete and accurate statement of its contents.

20. Defendant admits that Plaintiff submitted a letter to the Department of Education dated July 24, 2007. Although that letter initially references a different FOIA request (Request No. 07-00661-F), its text indicates that it was intended to appeal the denial of a fee waiver with respect to Plaintiff's May 11 request (Request No. 07-00655-F). Defendant respectfully refers the Court to the copy of the letter attached as Exhibit 4 to the Complaint for a complete and accurate statement of its contents. The averments in the final sentence of Paragraph 20 are conclusions of law to which no response is required. To the extent a response is required, Defendant denies any characterizations of the cited statutory and regulatory provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

21. Defendant admits that Plaintiff submitted a letter to the Department of Education dated July 24, 2007. Defendant respectfully refers the Court to the copy of the letter attached as Exhibit 4 to the Complaint for a complete and accurate statement of its contents.

22. Defendant admits that the Department of Education sent Plaintiff a letter dated October 22, 2007, that denied Plaintiff's FOIA appeal (Request No. 07-00655-F) and found Plaintiff's fee waiver request to be moot. Defendant respectfully refers the Court to the copy of the letter attached as Exhibit 5 to the Complaint for a complete and accurate statement of its contents.

23. Defendant lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegation that Plaintiff "did not receive any correspondence dated August 23, 2007, regarding [Request No. 07-00655-F]." Defendant avers that the Department of Education sent Plaintiff a letter dated August 23, 2007, that requested clarification of Request No. 07-00655-F, and respectfully refers the Court to a copy of the letter attached hereto as Exhibit A for a complete and accurate statement of its contents. Defendant admits that the Department of Education sent Plaintiff

a separate letter, also dated August 23, 2007, regarding Request No. 07-00661-F, and respectfully refers the Court to the copy of the letter attached as Exhibit 6 to the Complaint for a complete and accurate statement of its contents.

24. Admitted with respect to Request No. 07-00655-F.

25. Paragraph 25 contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is required, Defendant denies any characterizations of the cited judicial opinion and statutory provision, which speak for themselves, and respectfully refers the Court to the cited opinion and provision for a complete and accurate statement of their contents.

26. Paragraph 26 contains characterizations of fact to which no response is required. To the extent a response is required, Defendant admits that the Department of Education has denied certain other FOIA requests submitted by Plaintiff for their failure to reasonably describe the records sought. Defendant also admits that the Department of Education has denied certain other fee waiver requests submitted by Plaintiff.

27. Denied.

28. Defendant admits that the Department of Education sent Plaintiff a letter dated August 23, 2007, that requested clarification of Request No. 07-00661-F, and respectfully refers the Court to the copy of the letter attached as Exhibit 6 to the Complaint for a complete and accurate statement of its contents. Defendant admits that the Department of Education sent Plaintiff a letter dated June 20, 2007, that denied a fee waiver for Request No. 07-00661-F, and respectfully refers the Court to the copy of the letter attached as Exhibit 8 to the Complaint for a complete and accurate statement of its contents.

29. Defendant admits that the Department of Education sent Plaintiff a letter dated September 6, 2007, that denied a fee waiver appeal for Request No. 07-00517-F. Defendant respectfully refers the Court to the copy of the letter attached as Exhibit 9 to the Complaint for a complete and accurate statement of its contents.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
### (Failure to Produce Records under the FOIA)

30. Defendant restates and incorporates by reference the responses contained in all preceding paragraphs.

31. Denied.

32. Denied.

33. Admitted with respect to Request No. 07-00655-F.

34. Denied.

### CLAIM TWO
### (Improper Denial of Fee Waiver)

35. Defendant restates and incorporates by reference the responses contained in all preceding paragraphs.

36. Denied.

37. Denied.

### CLAIM THREE
### (Pattern and Practice of Improper Denial of Requests)

38. Defendant restates and incorporates by reference the responses contained in all preceding paragraphs.

39. Denied.

40. Denied.

41. Denied.

## PRAYER FOR RELIEF

The remaining paragraphs of the Complaint contain a Prayer for Relief, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in the remainder of the Complaint and further avers that Plaintiff is not entitled to the requested relief or any other relief from Defendant.

Defendant denies any and all allegations in the Complaint not expressly admitted herein to which a response is deemed required.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred by its failure to exhaust administrative remedies.

2. Defendant's actions did not violate the FOIA, the APA, or any other statutory or regulatory provision.

3. Plaintiff is not entitled to compel production of records protected from disclosure by one or more exemptions to the FOIA.

## CONCLUSION

WHEREFORE, having fully answered, Defendant respectfully requests that the Court enter judgment dismissing this action with prejudice and awarding Defendant costs and such other relief as the Court may deem appropriate.

| | |
|---|---|
| Date: December 17, 2007 | Respectfully submitted, |
| Of Counsel:<br>MARCELLA GOODRIDGE<br>Attorney<br>U.S. Department of Education | JEFFREY S. BUCHOLTZ<br>Acting Assistant Attorney General<br><br>JEFFREY A. TAYLOR<br>United States Attorney<br><br>ELIZABETH J. SHAPIRO<br>Assistant Director, Federal Programs Branch<br><br> /s/ *Eric Beckenhauer*<br>ERIC B. BECKENHAUER, Cal. Bar No. 237526<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>20 Massachusetts Ave. NW<br>Washington, DC 20530<br>Telephone: (202) 514-3338<br>Facsimile: (202) 616-8470<br>E-mail: eric.beckenhauer@usdoj.gov<br><br>*Counsel for the U.S. Department of Education* |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of December 2007, I caused the foregoing document to be served on Plaintiff's counsel of record electronically by means of the Court's CM/ECF system.

/s/ *Eric Beckenhauer*
ERIC B. BECKENHAUER



UNITED STATES DEPARTMENT OF EDUCATION

OFFICE OF MANAGEMENT

August 23, 2007

Daniel C. Roth, Esq.
Counsel
Citizens for Responsibility and Ethics in Washington
1400 Eye Street, NW, Suite 450
Washington, DC 20005

RE: FOIA Request No. 07-00655-F

Dear Mr. Roth:

This letter is in response to your letter dated July 11, 2007, regarding your May 11, 2007 request for information pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552. By letter dated June 20, 2007, we advised you of our determination that your request could not be processed because it does not describe the records sought in detail sufficient to enable Department staff with knowledge of the subject matter of the request to identify and locate potentially responsive documents with a reasonable amount of effort.[1] Your July 11, 2007 letter challenges this determination.

However, your July 11, 2007 letter also states "[t]o the extent searching for those records presents a scope problem, or to the extent CREW could narrow its request to reduce the burden on Education without abandoning any rights to documents under FOIA, please provide information[.]" In response to your invitation to discuss further clarification of the scope of your request, the Department is providing you with the following information:

- Your request for "any and all communications from January 20, 2001, to the present, between officials at the Department of Education" fails to identify the Department officials whose communications are sought.

- There are several programs implicated by the persons and entities identified in your request. Your request fails to identify a specific program or a specific subject matter focus for the Department's search for responsive records.

- The Department concluded that the two programs most likely implicated by your request – Early Reading First and Reading First – were created with the enactment of the No Child Left Behind Act of 2001. Thus, the time period identified in your request predates the legislation that is the subject of the request.

---

[1] The June 20, 2007 letter also denied your request for a fee waiver. However, the Department will address your appeal of that determination in a separate letter.

400 MARYLAND AVE. S.W., WASHINGTON, DC 20202-4500
www.ed.gov

Our mission is to ensure equal access to education and to promote educational excellence throughout the nation.

Page 2 - Citizens for Responsibility & Ethics in Washington
No. 07-00655-F

The Department is unable to process your request further unless and until we receive clarification from you regarding the issues identified above. Should you wish us to process your request further, please send the requested clarifying information to the U.S. Department of Education ATTN: FOIA Office, 400 Maryland Avenue, SW, PCP 9th Floor, Washington, DC 20202-4700, or by e-mail to: EDFOIAManager@ed.gov.

Sincerely,

Maria-Teresa Cueva
FOIA Public Liaison, OM/RIMS